UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                      CASE NO.: 00-6309-CR-DIMITROULEAS (s)(s)

MARK WEISS,
                              Magistrate Judge Garber
    Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO THE PSI

COMES NOW the Defendant MARK WEISS by and through his undersigned counsel and pursuant to Administrative Orders 95-02 and 90-26 and U.S.S.G. §6A1.3 and hereby files these, his objections to the Presentence Investigation Report (hereinafter "PSI") and as grounds therefore would state as follows:

1. That on May 17, 2002, this Defendant pled guilty to one of the objects contained in Count 14 of the second superseding indictment which generally charged him with conspiracy to engage in monetary transactions in property derived from unspecified unlawful activity.

2. That currently, sentencing is set in this matter for **Friday, July 26, 2002** at 8:45 a.m. in Ft. Lauderdale.

3. The Defendant would solely object to not being allowed a three level adjustment for between a minor and a minimal role as set forth in ¶75 of the PSI. It is the position of the Defendant that he should be entitled to a downward adjustment for his role in the offense of three levels. In the plea agreement in this case, at

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963



paragraph 6(b) the parties agreed that this would be an appropriate reduction for this defendant's role.  See also ¶128 of the PSI.

Under U.S.S.G. §3B1.2 the district court is mandated to decrease the defendant's base offense level by three levels if the defendant case falls between §3B1.2(a) and §3B1.2(b) or between a minor and a minimal role.

The Sentencing Guidelines provide for adjustments to the offense level for the role the defendant played in committing the offense, based upon the examination of all relevant conduct.  <u>United States vs. Costales</u>, 5 F.3d 480, 484 (11th Cir. 1993). The Sentencing Commission states that "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal."  U.S.S.G. §3B1.2, comment. (n.3)  See <u>United States vs. Cacho</u>, 951 F.2d 308 (11th Cir. 1992); <u>United States vs. Veloza</u>, 83 F.3d 380 (11th Cir. 1996).

However, as application note 3 to §3B1.2 further explains, a defendant who plays a minimal role in concerted activity is one who is among the least culpable of those involved in group conduct.  Such factors as a defendant's lack of knowledge or understanding of the overall enterprise and of others' activities is evidence of a minimal role in the offense.  However, the guidelines provide little additional guidance in determining role adjustments. See <u>United States Isaza-Zapata</u>, 148 F.3d 236 (3rd Cir. 1998).

The mitigating adjustment provision applies when "a particular defendant is less culpable than other members of the group to such a degree that a distinction

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963

should be made at sentencing between him and other participants." United States vs. Gordon, 895 F.2d 932, 935 (4th Cir. 1990).

Section 3B1 allows the sentencing judge to look to the contours of the underlying scheme itself and not merely the elements of the offense charged. United States vs. Costales, supra at 484, United States vs. Rodriguez, 925 F.2d 107, 111 (5th Cir. 1991). After finding that the defendant's relevant conduct involved more than one participant (which the defendant would obviously stipulate to) the analysis then requires the court to determine "the defendant's culpability for such conduct was relatively minor compared to that of the other participants." United States vs. Costales, supra at 484-5. See also United States vs. Caballero, 936 F.2d 1292, 1299 (D.C. Cir. 1991); United States vs. Katora, 981 F.2d 1398, 1405 (3rd Cir. 1992).

However, the opinions of the sentencing commission, the Eleventh Circuit as well as other circuits have not set any hard and fast guidelines as to when a minimal as opposed to a minor role adjustment should apply or even when a three level adjustment is applicable other than to state that the district court's decision to apply or not to apply such an adjustment involves a determination that is heavily dependent on the facts of the particular case. United States vs. Calderon, 127 F.3d 1314, 1341 (11th Cir. 1997) See also §3B1.2 application note 3(C). The case law further suggests additionally that there is truly no bright line distinction to be drawn between a three level and four level reduction.

The role of the defendant here is outlined in ¶62 of the PSI. The defendant is described as having a courier type role in the offense. The role of the defendant as

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963

it pertained to the check cashing stores was to transport checks via an automobile to the banks and make sure that the check cashing stores themselves had enough money to conduct business on a daily basis. He did have knowledge, as evidence by his guilty plea to the offense charged, that the checks that he was transporting were part of illegal activity.

The role assessments for the entire case are contained in ¶51-69 of the PSI. The defendant was directly supervised by Peggy Preston. As the PSI correctly indicates at ¶61, Ms. Preston though the "manager" of Gold Coast Check Cashing also deserves no role adjustment. Preston appears, at ¶32-34 of the PSI, to have worked directly with codefendant Fred Morgenstern who owned this store. Ms. Preston, the PSI goes on to state, used her prior employment in the banking industry to negotiate the checks correctly and launder the money directly on behalf of Fred Morgenstern and provide the money directly to him.

This defendant, however, worked not with but for Peggy Preston. It was Mark Weiss' role to follow the orders of Peggy Preston as to where to take the checks, what accounts to deposit the money in and how much cash to bring back. Therefore the decision to give this defendant no role reduction is inconsistent with making the same decision as to his direct supervisor and manager.

WHEREFORE, the Defendant MARK WEISS respectfully requests that this Court enter an order sustaining his objections to the PSI and reducing his offense level by three levels.

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of July 2002 to: J. BRIAN MCCORMICK, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301 and to MR. MICHAEL SANTUCCI, United States Probation Officer, 299 East Broward Boulevard, Suite #409, Ft. Lauderdale, Florida 33301.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant WEISS
Suite #1910- Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 232-1949
Fax.: (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557

Page 5

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963