UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                             CASE NO.: 00-6309-CR-DIMITROULEAS (s)(s)

MARK WEISS,
                                      Magistrate Judge Garber
    Defendant.
_____/

## DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO THE PSI

COMES NOW the Defendant MARK WEISS by and through his undersigned counsel and pursuant to Administrative Orders 95-02 and 90-26 and U.S.S.G. §6A1.3 and hereby files these, his supplemental objections to the Presentence Investigation Report (hereinafter "PSI") and as grounds therefore would state as follows:

1. That on May 17, 2002, this Defendant pled guilty to one of the objects contained in Count 14 of the second superseding indictment which generally charged him with conspiracy to engage in monetary transactions in property derived from unspecified unlawful activity.

2. That currently, sentencing is set in this matter for **Thursday, July 25, 2002** at 1:00 a.m. in Ft. Lauderdale.

3. The Defendant would make the following factual objections to the PSI which he has had an opportunity to review with counsel. It should be noted that none of the following have any effect on the guideline range.

    a) The defendant would object to the next to last sentence in ¶47 of the PSI

Page 1



wherein it states that he worked for John Mamone. The defendant acted as a driver transporting currency and checks for the Morgensterns only.

b) The defendant would object to the last sentence of ¶47 and ¶62 of the PSI which allege that the defendant attempted to collect extortionate extensions of credit by telephone. While there were telephone calls made by the defendant that were recorded, he has vehemently denied acting as anything other than a courier of currency and checks as directed by the Morgensterns acting through Peggy Preston. The phone calls that form the basis of the allegations were to collect on a bounced check to one of the stores and to ensure that the bounced check fees were paid. There was absolutely no connection to any form of extortionate extensions of credit and those references should be eliminated as it pertains to this defendant.

c) The defendant would object to the portions of ¶110 and 111 wherein it is stated that in March 2002 he placed a $10,000 down payment on a used car. The defendant's down payment was only $2,000 and he has financed just about what the car is worth.

WHEREFORE, the Defendant MARK WEISS respectfully requests that this Court enter an order sustaining his objections to the PSI and reducing his offense level by three levels.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 22nd day of July 2002 to: J. BRIAN MCCORMICK, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301 and to MR. MICHAEL SANTUCCI, United States Probation Officer, 299 East

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963

Broward Boulevard, Suite #409, Ft. Lauderdale, Florida 33301.

        Respectfully submitted,

        LAW OFFICES OF PHILIP R. HOROWITZ
        Attorney for Defendant WEISS
        Suite #1910- Two Datran Center
        9130 South Dadeland Boulevard
        Miami, Florida 33156
        Tel.: (305) 232-1949
        Fax. : (305) 232-1963

        *[signature]*

        By: PHILIP R. HOROWITZ, ESQUIRE
        Florida Bar No.: 466557

Page 3

LAW OFFICES OF PHILIP R. HOROWITZ
TWO DATRAN CENTER • SUITE 1910 • 9130 SOUTH DADELAND BOULEVARD • MIAMI, FLORIDA 33156 • (305) 232-1949 • FAX: (305) 232-1963