FILED by SKM D.C.
ELECTRONIC

May 10 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    CASE NO.: 00-6309-CR-~~DIMITROULEAS~~ SEITZ

MARK WEISS,

                                     Magistrate Judge Garber

    Defendant.
_____/

## **MOTION FOR EARLY TERMINATION OF PROBATION**

       COMES NOW the Defendant MARK WEISS by and through his undersigned counsel and moves this Court to enter an order terminating his probation and as grounds therefore would state as follows:

### *Statement of the Case*

       On October 24, 2000, a grand jury sitting in Ft. Lauderdale returned a sealed indictment[1] (DE #3) against the defendant related to an ongoing racketeering operation alleged by the government. On October 26, 2000, the defendant was arrested. He was released also on October 26, 2000 on a $100,000 personal surety bond. (DE #38, 72) During the twenty-one (21) the defendant was free on bond, he fully complied with all terms and conditions of release. On May 17, 2002, pursuant to a plea agreement (DE #987) with the government, the defendant pled guilty before this Court to Count XIV, a money laundering conspiracy, of the second superseding indictment.

---

[1] The indictment was superseded both on January 30, 2001 (DE #318) and August 14, 2001 (DE #517)and did not substantially modify the charges against the defendant.

Page 1

After a PSI was prepared, this court held sentencing in this matter on July 25, 2002. The Court sentenced the defendant to five (5) years of probation with a special condition of four months of home confinement, 250 hours of community service and a $100 special assessment. (DE #1099) The defendant did receive a downward departure pursuant to §5K1.1 due to his substantial assistance for the government. (DE #1087)

Since the defendant has been on probation for almost three years, he has successfully completed the home confinement portion of his sentence, successfully completed all of his community service hours and paid the special assessment. He has served two months shy of three years on probation.

### *Authority to Terminate Probation*

Under 18 U.S.C. §3564(c) the Court may terminate a term of probation early and discharge the defendant at any time after the expiration of one year of probation if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The court must consider also consider the factors set forth in 18 U.S.C. §3553(a) to the extent they are applicable.

### *Reasons for Termination*

Since this court placed the defendant on probation almost three years ago, the defendant has continuously been employed. He completed the home confinement portion of his sentence totally without incident. At the time of his sentencing he was employed as a manager at Flea Market USA in the Liberty City area of Miami. The defendant has been able to leave this employment and is currently managing a

restaurant in Davie, Broward County, Florida. At no time during the term of probation has the defendant been unemployed.

Against this backdrop of full time legitimate employment, the defendant has also completed each and every hour of community service that was part of the sentence imposed. The defendant wished that this court be made aware that he completed all of his required hours approximately one year ago.

The defendant has completed More than one half of the length of probation that this court imposed. The interests of justice have been met by literally having the defendant supervised by both United States Pretrial Services and United States Probation, without incident since October 26, 2000, a period of almost five years which the identical length of time that the court imposed for probation. He has complied with all aspects of this Court's sentence (including the special assessment) would respectfully request that his supervision be terminated since has rewarded this court's faith in him.

### *88.9 Certificate*

On May 10, 2005, the undersigned spoke with the defendant's supervising probation officer, Ms. Kristen Nylen at United States Probation Office in Miami, regarding her position on this matter and Ms. Nylen stated that the defendant is in compliance with all conditions of his probation and takes no position on behalf of her office on this motion.

Also on May 9, 2005, the undersigned spoke with Assistant United States Attorney Brian McCormick regarding his position and he informed the undersigned

that the Government would defer to the probation office.

WHEREFORE, the Defendant MARK WEISS respectfully requests that this Court enter an order terminating his probation.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 10th day of May 2005 to: J. BRIAN McCORMICK, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33394 and to MS. KRISTEN NYLEN, United States Probation Officer, 10300 Sunset Drive, Suite #351, Miami, Florida 33173.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant WEISS
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 232-1949
Fax. : (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557